COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-415-CV

MARY SEALS APPELLANT

V.

JIMMIE MARTIN APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Mary Seals, appearing 
pro se, asserts error on the part of the trial court  as follows: “I was not allow all of my evidences in the trial court there forth the particular ruling of the trial court that is urged as reversible error.”  We affirm.

II. Background

Seals was an apartment tenant who leased an apartment at $950 per month from Jimmie Martin through the Arlington Housing Authority (“AHA”).  On January 2, 2003, Martin notified the AHA and Seals that the premises occupied by Seals was going to be sold and that the premises had to be vacated by February 1, 2003.  On January 3, 2003, Seals received the notice and on February 9 signed an AHA form recognizing that she had to move, and she was told to do so by February 5.

According to Martin, (1) Seals did not vacate the premises until February 10, and hence owed $339.29 for the partial month; (2) Martin received $129 toward the February rent, resulting in a shortfall of $210.29; (3) the original deposit was $500, of which a total of $412 was returned on February 6 and 21; and (4) the remaining $88 of the deposit was applied toward the rent due, leaving Seals owing Martin $122.29.

According to Seals, she met Martin at the premises on February 5 to sign a move-out form.  Martin witnessed that Seals had moved out and told her that she did not owe any money and that they would meet the next day so that Seals could have the deposit back.  Martin returned only part of Seals’s deposit.

Seals sued Martin for wrongfully withholding part of her security deposit.  Following a trial on Seals’s claims, the trial court entered judgment for Martin that Seals take nothing, resulting in this appeal.

III. Denial of a Portion of Seals’s Evidence

Seals does not favor this court with a description of the evidence that  was allegedly improperly excluded by the trial court, nor the documentary evidence itself, but does under a section of her brief entitled “STATEMENT OF THE CASE” mention that “ (Appellate Exhibits 17 Photographs) Prove’s on the back of the Photographs that the date the move was completed.”  However, an examination of the record shows that Exhibit 17, a “grouping of the photos,” was admitted.  We are unable to discern from her brief any other evidence offered but excluded by the trial court.  Accordingly, her issue is overruled.

IV. Conclusion
 

Having overruled the single issue on appeal, we affirm the trial court’s judgment. 

BOB MCCOY

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and MCCOY, JJ.

DELIVERED: November 9, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.